RECEIVED
FEB 07 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRCT OF MISSISSIPPI

PRISCILLLA STERLING,                )
On behalf of Emmett Louis Till      )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )          4:23cv028-SA-DAS
                                    )
SHERIFF RICKY BANKS in his          )
individual capacity and official    )
capacity as the chief law enforcement )
officer of Leflore County, Mississippi )
                                    )
        Defendant.                  )

## COMPLAINT

### I.
### PRELIMINARY STATEMENT

1.      On August 28, 1955, Emmett Louis Till, a fourteen-year-old black male from Chicago, Illinois, was visiting his family in Leflore County Mississippi. He was abducted from the home of his great uncle, Mose Wright, at approximately 2:30am by Roy Bryant (Carolyn Bryant's, husband), J.W. Milam and Carolyn Bryant, now known as Carolyn Donham. Emmett Till was beaten to the extent that the whole crown of his skull was crushed in multiple places and parts of skull had fallen out, his face was disfigured, his left eye was gouged outside the eye socket enough to fall off the face and the right eye was also protruding three quarters of an inch, he was shot in the head, stripped naked, had a cotton gin fan wrapped around his neck with barbed wire and he was thrown into the Tallahatchie river.

2.      Emmett Till's body eventually found and removed from the Tallahatchie river.

3.      Emmett Till's mother, Mamie Till-Mobley, stated, after learning of the events that led to

her son's death, that the guilt begins with Mrs. Bryant and in particular she wanted to see Mrs. Bryant punished along with her husband and whoever else was involved in the crime. An arrest warrant was issued for J.W. Milam, Roy Bryant and Carolyn Bryant but the Leflore County Sheriff stated on the warrant that Carolyn Bryant was not arrested because she was not located in the county at the time. Contrarily, Carolyn Bryant was at the trial court in Leflore County during the trial yet she was never served with the warrant nor arrested.

4.      But for Carolyn Bryant falsely claiming to her husband that Emmett Till assaulted her Emmett would not have been murdered. It was Carolyn Bryant's lie that sent Roy Bryant and J.W. Milam into a rage, which resulted in the mutilation of Emmett Till's body into a unrecognizable condition.

5.      The Leflore County Sheriff is complicit in the trio's escape from justice even though both Roy Bryant and J.W. Milam admitted to the crime. The Leflore County Sheriff claimed that the body that was dragged out of the Tallahatchie river was not Emmett Till's. In 2005, Till's body was exhumed and a DNA test confirmed that it in fact was Till's body. The body fit the race, age, height, weight etc of Till, yet the Sheriff irresponsibly made the statement in order to obstruct justice. In a further act of obstruction, the Sheriff ordered that Emmett Till's body be buried by nightfall the same day it was dragged from the river. When Emmett Till's mother demanded that Emmett's body be returned to her in Chicago, the Sheriff only released the body under the condition that the wooden box carrying Emmett's body would remain sealed and he placed instructions to that affect on the wooden box. Even after the mother and family identified Emmett's body and identified Emmett's father's ring which he wore which had his father's initials, the Sheriff testified on behalf of the defense and alleged that it was a hoax and that the body was not Emmett Till's. The foreman of the jury stated that J.W. Milam and Roy Bryant

2

were acquitted because the jury did not believe that the body was Emmett Till's.

6.      To this day, the warrant issued for Carolyn Bryant remains unserved.  Carolyn Bryant's

whereabouts are known.  This action is being brought in order to compel the Leflore County

Sheriff to serve the warrant upon Carolyn Bryant.

## II.
## JURISDICTION AND VENUE

7.      This action arises under the Fourteenth Amendments to the United States Constitution

and 42 U.S.C. § 1983.  The Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (jurisdiction over civil rights

actions).

The Court has authority to grant both declaratory and injunctive relief pursuant to 28 U.S.C. §

2201 (authority to grant declaratory relief) and 28 U.S.C. § 2202 (authority to grant relief

ancillary to declaratory judgment), in addition to its inherent equitable powers.

The Court has personal jurisdiction over the Defendant, whose principal office is located in

Leflore County, Mississippi.

8.      Venue lies in the Northern District of Mississippi pursuant to 28 U.S.C. § 1391(b)

because the defendant is a resident of Mississippi, and a substantial part of the events or

omissions giving rise to Plaintiff's claims occurred and will occur in this judicial district.

## III.

## PARTIES

9.      The Plaintiffs, Priscilla Sterling, is a relative of Emmett Till.

10.     The Defendant, Sheriff Ricky Banks, is the current Sheriff of Leflore County.

3

## IV.

### 42 U.S.C. § 1983 – Discrimination in Violation of the
### Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

11.     Plaintiff incorporates and re-alleges each of the foregoing paragraphs as though set forth fully herein.

12.     Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

13.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

14.     The Defendant deny equal protection of the laws to its African Americans by observing two-class law enforcement protocol: a protocol for white citizens, who receive full enforcement of the law when they are the victim of crime and a law enforcement protocol for black citizens who do not receive full enforcement of the law when they are the victim of crimes perpetuated against them by white citizens.

15.     The Defendant has engaged in racially selective enforcement of law.

16.     The Defendant has systematically avoided law enforcement in cases when the victim is black and the perpetuator is white.

17.     This discrimination on the basis of race is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

18.     The Defendant was ordered to serve an arrest warrant on Carolyn Bryant.

19.    The Defendant was ordered to arrest Carolyn Bryant.

20.    The Defendant neither served nor arrested Carolyn Bryant.

## V.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

1.      Enter judgment in favor of Plaintiff and against the Defendant on the claims for relief as alleged in this Complaint;

2.      Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Leflore County Sheriff's racially selective enforcement of law violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3.      Grant Plaintiff preliminary and/or permanent injunctive relief by enjoining Defendant from the racially selective enforcement of law

4.      Grant Plaintiff preliminary and/or permanent injunctive relief by ordering the Defendant, his employees, agents, officers, servants, and successors to serve the arrest warrant issued against Carolyn Bryant, now Carolyn Donham and not engage in any act which obstructs justice pertaining to the proceedings of Carolyn Donham.

5.      Order that the Court shall retain jurisdiction over the Leflore County Sheriff and his successors for such period of time as may be appropriate to ensure compliance with relief ordered by this Court;

6.      Award Plaintiff its reasonable attorneys' fees and costs pursuant to statute; and

7.      Grant Plaintiff such other and further relief as may be just and equitable.


Date:  December 15, 2022

Respectfully Submitted,


*/s/ Trent Walker*
Trent Walker, Esq
Bar#
5255 Keele Street
Suite A
Jackson, MS
39206

*/s/ Malik Shabazz*
Malik Shabazz, Esq.
DC Bar #458434
(Lead Counsel)
6305 Ivy Lane
Suite #608
Greenbelt, Maryland
20770
*(pro hac vice to be filed)*

6