IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

IN RE: DEBORAH WATTS
and TERI WATTS                                                               PETITIONERS

VS.                                                                         CIVIL CAUSE NO. 2022-0041 CICI

W. DEWAYNE RICHARDSON
and FREDRICK "RICKY" BANKS                                      RESPONDENTS

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

COMES NOW, W. Dewayne Richardson, Respondent herein, and files this *Response to Petition for Writ of Mandamus* addressing only those issues pertaining to this Respondent, and in support thereof would state to the court as follows, to-wit:

I.

On or about the 19th day of July, 2022, Petitioner filed their *Petition for Writ of Mandamus* requesting this Court order and/or compel action to be taken by Respondent regarding the 1955 arrest warrant issued for Mrs. Roy Bryant.

II.

Respondent would note that the Petition presents several issues which misstate the applicable standards of law pertaining to the duties of a District Attorney. Most notably, and as addressed by the case law below, prosecutorial strategy and decisions regarding presentment of cases to a Grand Jury are discretionary functions of a District Attorney.

The Mississippi Court of Appeals has held that "[t]he primary responsibility of prosecutors is to advance the interests of the state." In Re C.R., 879 So.2d 1119 (Miss. Ct. App. 2004). To assist in discharging their duties, prosecutors have been endowed with broad discretion, and "the decision of whether or not to prosecute and what charge to bring generally rests in his or her



discretion." Williams v. State, 766 So2d 815, 818 (Miss. Ct. App. 2000) (*citing* Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In Sullivan v. State, the Mississippi Court of Appeals further held that "it is a fundamental principle of our criminal justice system that a prosecutor is afforded prosecutorial discretion over what charge to bring in any criminal case." 281 So3d 1146 (Miss. Ct. App. 2019).

In Bell v. Miss. Dep't of Human Servs., the Mississippi Court of Appeals noted that "prosecuting a criminal case is plainly a discretionary function of a district attorney's office- it involves an element of judgment and is grounded in policy considerations." 126 So.3d 999, 1004 (Miss. Ct. App. 2013).

Despite these holdings, the issues raised by the Petitioner(s) requesting the Court to compel action by the Respondent, as further discussed below, are now moot.

### III.

On August 4, 2022, during the regularly scheduled convening of the Leflore County Grand Jury, all existing evidence and testimony regarding the charges of (1) Kidnapping and (2) Manslaughter against Carolyn Bryant Donham were presented to the Grand Jury by the District Attorney, Respondent herein. After presentation of all available evidence, the Leflore County Grand Jury determined that there was not sufficient evidence to indict Carolyn Bryant Donham for the above stated charges.[1]

In accordance with Mississippi law and Mississippi Rule of Criminal Procedure 13, Grand Jurors are qualified, selected and impaneled by the Court, with the presiding Judge ensuring that each potential juror is qualified to serve. Pursuant to Rule 13.5(b), as well as Section 13-7-29 of the Mississippi Code, Mississippi law requires that the specific details regarding evidence,

---

[1] *See* Grand Jury No-Bill List, attached hereto as Exhibit "A."

testimony and witness identification presented at Grand Jury proceedings must be kept secret for six (6) months following the date of such proceedings and the release of that Grand Jury's service. Any party, prosecutor or witness who violates the secrecy requirements of the Grand Jury may be punished by fine or imprisonment. In an effort to make a thorough showing as to why Petitioner(s) requested relief is now moot, Respondent has provided as complete a disclosure, above, as legally allowable regarding the findings of the Leflore County Grand Jury's meeting on August 4, 2022. A basic understanding of Mississippi law clearly shows that Mississippi Grand Juries are legally required to be by secret proceedings for a period of 6 months.

IV.

In Mississippi, the primary purpose of the Grand Jury is to consider evidence and to determine whether or not there is sufficient probable cause for a case to go to trial. By declining to indict Carolyn Bryant Donham for the charges of Kidnapping and Manslaughter, the Leflore County Grand Jury determined two issues: First, that there was not sufficient evidence for the charges against Donham to proceed to trial; and, Second, that the evidence which may or may not have supported the probable cause basis for the issuance of the 1955 arrest warrant against Donham is presently not sufficient. Ultimately, the determination of probable cause to proceed with prosecution rests with the Grand Jury.

V.

Although the District Attorney is not responsible, nor does his office possess the legal authorization, for the execution of arrest warrants, such warrants are issued after a finding of probable cause. In criminal matters, grand juries are the ultimate deciders of whether sufficient probable cause exists. Consequently, the Grand Jury's decision pertaining to Carolyn Bryant Donham renders the 1955 arrest warrant moot.

WHEREFORE, PREMISES CONSIDERED, Respondent would state to the Court that the directives raised in the Petition have been fully herein addressed by the actions of the Leflore County Grand Jury and respectfully requests an Order dismissing Petitioner's cause as moot.

RESPECTFULLY SUBMITTED, this the 17th day of August, 2022.

W. Dewayne Richardson
*Respondent*

### CERTIFICATE OF SERVICE

I, W. Dewayne Richardson, do hereby certify that I have this day caused to be served a true and correct copy of the foregoing document to the following:

Sandra Jaribu Hill, Esq.
*Attorney for Petitioners*
819 Main Street (Upper)
Greenville, MS 38701

SO CERTIFIED, this the 17th day of August, 2022.

W. Dewayne Richardson

FILED
AUG 17 2022
ELMOS STOCKSTILL, CIRCUIT CLERK
BY Juanne McClung D.C.

| NO BILL/REMAND CONTINUED LIST | | JULY 2022 GRAND JURY TERM | | | CASES PRESENTED AUGUST 4, 2022 | |
|---|---|---|---|---|---|---|
| | **DEFENDANT** | **CHARGE** | **AGENCY** | **INV.** | **RESULT** | |
| | Carolyn Bryant Donham | Ct: 1- Kidnapping | | | No Bill | |
| | | Ct: 2- Manslaughter | | | No Bill | |

FILED

AUG 17 2022

ELMUS STOCKSTILL, CIRCUIT CLERK
BY  Jeannie McClung  D.C.

Names with ** have another case with a different status** See other List

Exhibit "A"