IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

PRISCILLA STERLING, ON BEHALF OF
EMMETT LOUIS TILL                                                                    PLAINTIFF

VERSUS                                              CIVIL CAUSE NO. 4:23-cv-00028-SA-SAS

SHERIFF RICKY BANKS IN HIS
INDIVIDUAL CAPACITY AND OFFICIAL
CAPACITY AS THE CHIEF LAW
ENFORCEMENT OFFICER OF LEFLORE
COUNTY, MISSISSIPPI                                                                 DEFENDANT

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant, Ricky Banks in his individual and official capacity as the

Chief Law Enforcement Officer of Leflore County, Mississippi, ("Banks"), by counsel, and

respectfully moves this Court, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to

dismiss this cause against him and submits his Memorandum in Support of his Motion to

Dismiss Plaintiff's, Priscilla Sterling on behalf of Emmett Louis Till, Complaint, to-wit:

## INTRODUCTION

The Plaintiff, Priscilla Sterling, brought this suit on behalf of Emmett Till, alleging to be

his relative, seeking a declaratory judgment and injunction ordering the Defendant, Ricky Banks,

present Sheriff of Leflore County, Mississippi, to serve a moot arrest warrant ("Arrest Warrant")

on Mrs. Roy Bryant, now known as Carolyn Bryant Donham, issued on August 29, 1955.  A

copy of the arrest warrant is attached to the Motion as Exhibit "A". [1]   She is not a real party in

interest.  All of Plaintiff's claims for relief derive from the Arrest Warrant which has been

---

[1]There is currently a cause pending in the Circuit Court of Leflore County, Mississippi, styled *Deborah Watts and Terri Watts v. W. Dewayne Richardson and Fredrick "Ricky" Banks*, Cause No.: 2022-0041-CICI seeking similar relief against Banks compelling him to serve the Arrest Warrant on Donham.

rendered moot by the Grand Jury of Leflore County, Mississippi, after it determined there was insufficient evidence to indict Donham for kidnapping or manslaughter of Till. A copy of the Leflore County Grand Jury No Bill list is attached to the Motion as Exhibit "B". Since the Arrest Warrant is moot, all claims against Banks should be dismissed with prejudice.

Further, the Plaintiff lacks standing to bring this cause. The Complaint lacks any factual allegations of misconduct by Banks against the Plaintiff. Plaintiff does not allege that she has been injured by Banks. The sole purpose of the Complaint is to compel Banks to serve the moot Arrest Warrant. She does not have standing to do so.

## FACTS

The story of Emmett Till is tragic. On or about August 28, 1955, he was taken by Roy Bryant, Donham's husband at the time, and J.W. Milam from the home of his great uncle, Mose Wright. Three days after he was taken, Till's body was discovered in the Tallahatchie River in Tallahatchie County, Mississippi. Bryant and Milam were indicted for murder and tried in the Circuit Court of Tallahatchie County, Mississippi. The men were found not guilty of the murder charge but ultimately admitted to the crime in *Look* magazine.

This cause stems from an Arrest Warrant to the Sheriff of Leflore County, Mississippi, dated August 29, 1955, summoning him to arrest Milam, Bryant and Mrs. Roy Bryant, now known as Donham, on the charge of kidnapping. The probable cause for the Arrest Warrant was an Affidavit from Leflore County Prosecuting Attorney, John J. Fraiser, Jr., alleging that Bryant, Mrs. Roy Bryant (Donham) and Milam kidnapped "Emmitt Lewis Tell" (sic). A copy of the Affidavit is attached to the Motion as Exhibit "C". On September 24, 1955, George Smith, Sheriff of Leflore County, arrested Milam and Bryant. The return executed by Sheriff Smith

recited that he could not find Mrs. Roy Bryant (Donham) in Leflore County. A copy of the return is attached to the Motion as Exhibit "D".

As time passed, the Arrest Warrant was never served on Donham. On August 4, 2022, a case against her on the charges of kidnapping and manslaughter was presented to the Grand Jury of Leflore County. The purpose of the Grand Jury is to determine, based on the evidence presented by the District Attorney, whether or not there is sufficient probable cause for a case to go to trial. The Grand Jury determined there was insufficient evidence to proceed to trial and returned a No Bill to the charges of kidnapping and manslaughter. See Exhibit "B" attached to the Motion. The Grand Jury's decision that no probable cause exists as to the charge of kidnapping and manslaughter renders the Arrest Warrant moot.

## ARGUMENT

"Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law." *Corr Wireless Communs., L.L.C. v. AT&T, Inc.*, 2013 U.S. Dist. LEXIS 128891 (N.D. Miss. September 10, 2013). "To survive a motion to dismiss pursuant to Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Alexander v. Global Tel Link Corp.*, 2019 U.S. Dist. LEXIS 147303 (S.D. Miss. March 29, 2019)(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In determining whether a claim has been stated, "courts must consider the complaint in its

entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court can take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Hall v. Hodgkins*, 305 Fed. App'x 224 (5th Cir. 2008) (citing *Norris v. Hearst Trust*, 500 F. 3d 454, 461 (5th Cir. 2007)).

I.      **The Plaintiff's Complaint fails to state any plausible claim against Banks because the Complaint does not allege facts that Banks committed any wrongful action against Plaintiff.**

Plaintiff's Complaint seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the "Leflore County Sheriff's racially selective enforcement of law violates the Due Process and Equal protection Clauses of the Fourteenth Amendment to the United States Constitution." See Section V. Paragraph 2 of Plaintiff's Complaint [Dkt # 5]. The Complaint alleges that Banks has engaged in racially selective enforcement of law and seeks a "preliminary and/or permanent injunctive relief by enjoining [Banks] from the racially selective enforcement of law." See Section V. Paragraph 3 of Plaintiff's Complaint [Dkt # 5]. There are **no specific facts** alleged against Banks.

Banks has been the Sheriff of Leflore County since January, 1980. The factual allegations recited in Section I paragraphs one through six of Plaintiff's Complaint describe conduct allegedly committed by then Leflore County Sheriff George Smith in 1955. There is not one factual allegation of any alleged conduct by Banks against Till or Plaintiff. Banks' name is not mentioned. "The plaintiff must plead specific facts, not mere conclusory allegations, to avoid

dismissal." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The Plaintiff has

failed to allege factually that Banks committed any act of discrimination against Plaintiff under

42. U.S.C. § 1983 or the Equal Protection Clause of the Fourteenth Amendment. Thus, the

Plaintiff has failed to state a claim against Banks and the Complaint should be dismissed.

II. **The Plaintiff's Complaint fails to state a claim against Banks because the Arrest Warrant is moot.**

The purpose of Plaintiff's Complaint is to "compel the Leflore County Sheriff to serve

the [Arrest Warrant] upon [Donham]." See Section I paragraph 6 of Plaintiff's Complaint [Dkt #

5]. The Arrest Warrant is moot and Banks cannot legally serve it on Donham. On August 4,

2022, a Leflore County Grand Jury failed to return an indictment against Donham on charges of

kidnapping and manslaughter. See Exhibit "B" attached to the Motion. "Historically and at

present, a grand jury is an independent body empowered with the authority to investigate

potential crimes and, if probable cause is found, to indict for criminal offenses." *Entergy Miss.,*

*Inc. v. State*, 132 So. 3d 568, 572 (Miss. 2014). A no bill was delivered to the circuit clerk of

Leflore County pursuant to Rule 13.3(b) of the Mississippi Rules of Criminal Procedure. A no

bill is "a grand jury's notation that insufficient evidence exists for an indictment on a criminal

charge." Black's Law Dictionary, abridged 7th ed. St. Paul, MN: West Group, 2000. If a grand

jury fails to return an indictment on a charge presented, any defendant held in custody is to be

released, or, any defendant previously arrested and conditionally released shall be relieved of any

obligation made in connection with such release. MRCrP 13.6(e).

The District Attorney for the Fourth Judicial District, which encompasses Leflore County

and responsible for presenting Donham's case to the Grand Jury, described the results of the

presentation as follows:

> By declining to indict Carolyn Bryant Donham for the charges of kidnapping and manslaughter, the Leflore County Grand Jury determined two issues: First that there was not sufficient evidence for the charges against Donham to proceed to trial; and Second, that the evidence which may or may not have supported the probable cause basis for the issuance of the 1955 arrest warrant against Donham is presently not sufficient. Ultimately, the determination of probable cause to proceed with prosecution rests with the Grand Jury,

See "Response to Petition for Writ of Mandamus" page 3 section IV filed by W. Dewayne Richardson, District Attorney for the Fourth Judicial District in the case described in footnote number 1 above, attached to the Motion as Exhibit "E". Since the Grand Jury found no probable cause to indict Donham on the charges of kidnapping and manslaughter, there is no probable cause to support the 1955 Arrest Warrant. The "Grand Jury's decision pertaining to Carolyn Bryant Donham renders the 1955 arrest warrant moot." *Id.* at Section V. Therefore, this cause should be dismissed.

### III.    The Plaintiff is not the real party in interest to prosecute this cause of action.

A motion to dismiss for lack of standing is considered under Rule 12(b)(6) standards identified *supra. Alexander v. DLJ Mortg. Capital, Inc.*, 2016 U.S. Dist. LEXIS 198193 *8 (S.D. Miss. July 5, 2016).

Rule 17(a)(1) of the Federal Rules of Civil Procedure recites that "an action must be prosecuted in the name of the real party in interest." "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990)) "The purpose of this provision is to assure a defendant that a judgment will be final and that res

6

judicata will protect it from having to twice defend an action, once against an ultimate

beneficiary of a right and then against the actual holder of the substantive right." *Id.* (internal

quotes omitted). Banks is defending himself in this Cause and in a separate case in the Circuit

Court of Leflore County filed by different parties claiming to be relatives of Till seeking the

same relief as this case.

Plaintiff has filed this cause on behalf fo Emmett Louis Till who is deceased. This is

improper. Per Rule 17(a)(1):

> The following may sue in their own names without joining the person for whose benefit
> the action is brought:
>
> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit;
> and
> (G) a party authorized by statute.

In Mississippi, "[e]xecutors, administrators, and temporary administrators may commence and

prosecute any personal action whatever, at law or in equity, which the testator or intestate might

have commenced and prosecuted." *Beal v. Merit Health Central*, 2020 U.S. Dist. LEXIS 234259

*4 (S.D. Miss. December 4, 2020)(quoting <u>Miss. Code. Ann.</u> § 91-7-233). Plaintiff is not the

real party in interest because she has not filed this cause in the proper representative capacity of

Till. Therefore this case should be dismissed.

**IV.     The Plaintiff lacks standing to bring this cause of action.**

Plaintiff, whose address and specific relationship to Till is not pled, has alleged Banks has

discriminated against her under 42. U.S.C. § 1983 and the Equal Protection Clause of the

Fourteenth Amendment. Plaintiff lacks standing to bring this cause against Banks. "To have standing under § 1983, a plaintiff must suffer a legally-cognizable injury." *Hole v. Tex. A&M Univ.*, 360 Fed. Appx. 571, 573 (5th Cir. 2010). Plaintiff has not alleged that she has suffered any injury. The Complaint is void of facts that Banks has violated § 1983 or caused any injury to Plaintiff. Section IV of the Complaint recites conclusory allegations of conduct by Banks, i.e. "[t]he Defendant has engaged in racially selective enforcement of law" and [t]he Defendant has systematically avoided law enforcement in cases when the victim is black and the perpetrator is white." There are no facts to support these allegations. The facts in Section I of the Complaint allege that in 1955 Leflore County Sheriff George Smith committed wrongful acts, not Banks. The "standing doctrine implements the case-or-controversy requirement by insisting that the plaintiff prove that he has suffered a concrete and particularized [injury in fact] that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Vote.org v. Callanen*, 39 F.4th 297, 303 (5th Cir. 2022)(citations omitted). There are no factual allegation of misconduct by Banks in the Complaint.

Last, Plaintiff has not requested any monetary damages from Banks as result of alleged misconduct other than attorney's fees and costs. "[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." *Hole* 360 Fed. Appx. at 573 (quoting, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 86 (2010). Plaintiff has failed to establish standing to bring this cause and it should be dismissed.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Ricky Banks, in his individual and official capacity as the Chief Law Enforcement Officer of Leflore County, Mississippi, requests this

Court to dismiss this matter against him with prejudice to any and all alleged claims by the

Plaintiff and to provide him all other relief appropriate under the circumstances.

      RESPECTFULLY SUBMITTED, this the 13th day of April, 2023.

SHERIFF RICKY BANKS IN HIS INDIVIDUAL
CAPACITY AND OFFICIAL CAPACITY
AS THE CHIEF LAW ENFORCEMENT
OFFICER OF LEFLORE COUNTY, MISSISSIPPI


BY: _/s/ Charles J. Swayze, Jr._
    Charles J. Swayze, Jr., MSB No. 8099
    Charles J. Swayze III, MSB No 102297
    Whittington, Brock & Swayze, P.A.
    P. O. Box 941
    Greenwood, MS  38935-0941
    Telephone:  662.453.7325
    Fax:  662.453.7394
    E-mail: cjs@whittingtonlaw.com
    E-mail: cjsiii@whittingtonlaw.com
    Attorneys for Defendant

9

<u>CERTIFICATE OF SERVICE</u>

I, Charles J. Swayze Jr., attorney for Defendant Ricky Banks, hereby certify that on this day I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Trent Walker, Esq.
5255 Keele Street, Suite A
Jackson, MS   39206

Malik Shabazz, Esq.
6305 Ivy Lane, Suite 608
Greenbelt, MD   20770

This the 13th day of April, 2023.


   */s/ Charles J. Swayze, Jr.*
CHARLES J. SWAYZE, JR.